**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 17-62416-Civ-COOKE/HUNT

| | |
|---|---|
| BILAL SALEH, individually and on behalf of a class of others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| CRUNCH, LLC, a Delaware limited liability company; CRUNCH FRANCHISING, LLC, a Delaware limited liability company; and DELIU, LLC, a Delaware limited liability company, doing business as "Crunch Fitness Oakland Park, | |
| Defendants. | |

**STATEMENT OF CLAIM**

Plaintiff, Bilal Saleh, through undersigned counsel and pursuant to this Court's Order of December 13, 2017 [ECF No. 5], makes the following Statement of Claim:

**A.      Conduct Complained Of:**

Defendant Crunch, LLC. ("Crunch") and Crunch Franchising, LLC ("Crunch Franchising") are Delaware limited liability companies that operate a chain of fitness clubs located in and around numerous cities.[1] Defendant DeLiu, LLC ("DeLiu") is a Florida limited liability company and a franchisee of one such fitness club located at 3500 North Andrews Avenue, Oakland Park, FL 33309[2] that does business as "Crunch Fitness Oakland Park." Defendants use the telephone numbers of unaware consumers who fill out online forms to receive a free trial day

---

[1] *See* CRUNCH FRANCHISE, https://www.crunch.com/franchise (last visited Dec. 28, 2017).
[2] Deliu LLC dba Crunch Fitness, BUZZFILE, http://www.buzzfile.com/business/Deliu-LLC-DBA-Crunch-Fitness-954-295-6944 (last visited Dec. 28, 2017).

pass at Defendants' fitness clubs to send unsolicited telemarketing text messages in order to increase their gym membership sales. Defendants also collect telephone numbers at the fitness club locations when consumers register for a free trial day pass or sign up for a gym membership. Consumers are in no way given any reason to believe that by completing the free trial or membership forms online and at the fitness center locations they would become the victims of Defendants' unsolicited text messaging spam campaign.  In all methods used by Defendants to obtain consumers' phone numbers, Defendants failed to obtain required express written consent to send telemarketing text messages.

On or about November 28, 2017, Plaintiff visited Defendants' website, www.crunch.com, where he was directed to fill out an online form in order to receive a free trial pass to a Crunch Fitness location. Plaintiff completed the following required fields on the website: First Name, Last Name, Email, Phone Number, and Location of Interest. The next day, on November 29, 2017, between 9:30 a.m. and 10:00 a.m., Plaintiff received three text messages from the short code 87365, the first of which thanked him for his inquiry at Crunch Fitness, the second of which informed him that he would be receiving 8 messages per month, and the third contained an offer to join Crunch Fitness and pay no dues until 2018. The short code 87365 is registered to a mobile marketing provider, Textmunication.com, which specializes, *inter alia* in health and fitness club mobile marketing campaigns.[3]

The aforesaid text messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which prohibits the use of "automatic telephone dialing systems" to call cellular telephones. The TCPA bans nonemergency "robocalls," i.e., telephone calls placed through an automatic telephone dialer system, to cellular telephones unless the recipient provides express

---

[3] TEXTMUNICATION, https://textmunication.com/industries/ (last visited Dec. 28, 2017).

written consent to receive marketing calls, including automatically sent marketing text messages. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200. Defendants' unsolicited, automatically dialed, text messages constitute "telemarketing" under 47 C.F.R. § 64.1200(f)(12). Upon information and belief, text messages materially similar to those Plaintiff received were directed toward thousands of similarly situated individuals, through the use of an automatic telephone dialing system.

**B.    Relief Requested:**

This is an action for damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. The TCPA was enacted, in part, "to reduce the number of telephone solicitations received by consumers." *FTC v. Mainstream Marketing Servs., Inc.*, 345 F.3d 850, 857 (10th Cir. 2003). The TCPA provides for damages in an amount totaling the greater of actual monetary loss or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B). However, a plaintiff may recover treble damages if a defendant willfully or knowingly violated the statute or regulations promulgated under § 227(b). *Id.* § 227(b)(3). While neither the TCPA nor FCC regulations provide a definition for willful and knowing, most courts have interpreted the willful or knowing standard to require only that a party's actions were intentional, not that it was aware that it was violating the statute. *See, e.g.*, *Alea London Ltd. v. American Home Services, Inc.*, 638 F. 3d 768, 776 (11th Cir. 2011) (holding that the TCPA requires mere "knowing" conduct). Plaintiff, on behalf of himself and all others similarly situated, seeks an order certifying this action to proceed as a class action pursuant to Fed. R. Civ. P. 23, and judgment against Defendants pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. §227(c)(5).

**C.  Reasons Therefore:**

The TCPA prohibits calls to certain telephone numbers, including cellular telephone numbers, using an "automatic telephone dialing system," except in an emergency or with the

recipient's "prior express consent." 47 U.S.C. § 227(b)(1). The Federal Communications Commission ("FCC") added an express written consent requirement in the case of messages "that include[] or introduce[] an advertisement or constitute[] telemarketing," which went into effect on October 16, 2013. See 47 C.F.R. § 64.1200(a)(2).

Plaintiff is one such individual to whom Defendants automatically dialed telemarketing text messages to his cellular telephone without his consent. In fact, at no point was Plaintiff informed that Defendants would have used his telephone number to send telemarketing messages. Because the Defendants obtained the cellular telephone numbers of Plaintiff and members of the proposed class without obtaining prior written consent to send telemarketing text messages using automatic telephone dialing equipment, Defendants have violated the TCPA, and Plaintiff and the putative class are entitled to relief with respect to all Defendants.

Dated: January 3, 2018

Respectfully submitted,

/s/ *Andree Quaresima*
Andree Quaresima, Esq.
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Jibrael S. Hindi, Esq.
THE LAW OFFICE OF JIBRAEL S. HINDI, PLLC.
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
jibrael@jibraellaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date in some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: <u>/s/Andree Quaresima</u>
Andree Quaresima, Esq.
