IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

BILAL SALEH, individually and on
behalf of a class of others similarly situated

    Plaintiff,

        v.                      Case No. Case 0:17-cv-62416-MGC

CRUNCH, LLC a Delaware limited liability
company; CRUNCH FRANCHISING, LLC,
a Delaware limited liability company; and DELIU,
LLC, a Delaware limited liability company, doing
business as "Crunch Fitness Oakland Park"
Company;

    Defendants.
_____/

**DEFENDANT DELIU LLC'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant, Deliu, LLC, a Delaware limited liability company, doing business as "Crunch Fitness Oakland Park." ("Deliu"), by its undersigned counsel, and pursuant to this Court's Order dated December 13, 2017 [ECF. No. 5], files its Response to Plaintiff's Statement of Claim [ECF. No. 21], and as grounds states as follows:

    A.    **Deliu Did Not Violate the TCPA**

Deliu is a franchise of Defendant Crunch Franchising, LLC, and operates a fitness center located on 3500 N. Andrews Ave. Oakland Park, Florida. Plaintiff admits to providing her cellular phone number on Defendants' website[1] for a one day trial membership to its fitness center. *See* Compl., ¶¶ 20-21. In this action, Plaintiff alleges that Defendants, Deliu, Crunch, LLC, and Crunch Franchising, LLC (collectively referred to as "Defendants"), used an automatic telephone dialer

---

[1] As a Crunch Fitness franchise, Deliu does not maintain or operate the website.

system ("ATDS") operated and provided by Textmunication to send three text messages to his cellular phone purportedly without his prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See* Compl., ¶¶ 1-2 & 25-26. Contrary to Plaintiff's allegations, Deliu has not violated the TCPA.

The TCPA prohibits only those text messages sent using an ATDS, defined as "equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers." 47 C.F.R. § 64.1200(f)(2). Plaintiff has not plausibly alleged that Deliu used an ATDS to send the text message notifications at-issue, nor can he. The system that Plaintiff alleges Defendant used to send him text messages does not have the capacity to store or dial numbers generated using a random or sequential number generator. The system requires human intervention and therefore does not qualify as an ATDS. *See* 47 U.S.C. § 227(a)(1).

Indeed, the District Court in *Marks v. Crunch San Diego, LLC,* 55 F. Supp. 3d 1288, 1292 (S.D. Cal. 2014), addressed this exact issue and granted summary judgment in favor of Defendant Crunch San Diego, LLC.[2] In *Marks*, the plaintiff alleged that Crunch San Diego, LLC ("Crunch") used an ATDS to send unsolicited text messages. *Marks,* 55 F. Supp. 3d at 1289. The *Marks* court disagreed with plaintiff and held that the third-party web-based platform administrated by Textmunication and used by Crunch "is not an ATDS." *Id.* at 1291. The *Marks* court found that the "[u]ndisputed facts show that the system also fails to have the potential capacity to become an ATDS," and dismissed the action.[3] *Id*.

---

[2] Like Deliu, Crunch San Diego, LLC is a Crunch Fitness franchise.
[3] The plaintiffs in the *Marks* case filed an appeal to the Ninth Circuit Court of Appeal. *See Marks v. Crunch San Diego, LLC*, 14-CV-00348 (filed November 20, 2014). After the matter was fully briefed, the Ninth Circuit stayed the appeal pending a ruling by the United States Court of Appeals for the District of Columbia (the "D.C. Circuit Appeals") under *ACA Int'l v. FCC, et al.*, No. 15-

For the exact same reasons, this Court should dismiss Plaintiff's action with prejudice. Like the *Marks* case, the text messages at issue were also allegedly sent via a proprietary web-based software application provided by Textmunication, the same software and vendor at issue in the current case. *See* Compl., ¶¶ 25-26. Because the *Marks* court has already found and held that the Textmunication system does not qualify as an ATDS, Plaintiff's claims for alleged TCPA violation should be dismissed.

What is more, Plaintiff admits he knowingly released his mobile telephone number to Defendants to obtain a free trial membership, but alleges that the text messages he received were advertisements or constituted telemarketing. *See* Compl., ¶¶ 2 & 63. Plaintiff is wrong. Courts approach the question of whether a message constitutes telemarketing or advertising "with a measure of common sense." *Aderhold v. car2go N.A. LLC,* 668 Fed. Appx. 795, 796 (9th Cir. 2016); *Zean v. Fairview Health Services*, 858 F.3d 520, 528 (8th Cir. 2017). Consistent with this "common sense" approach, courts have held that text messages "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender *are not advertisements*." *Aderhold*, 668 F. App'x at 796. *See also Wick v. Twilio Inc.*, No. 16-00914, 2017 WL 2964855, at *5 (W.D. Wash. July 12, 2017). Here, the text messages at issue do not constitute advertising or telemarketing because their content was directly related to, confirmed, and facilitated an expected commercial transaction that Plaintiff admittedly initiated by submitting a request to join a gym trial membership.

---

1211 (D.C. Cir. filed July 10, 2015). The D.C. Circuit Appeals challenge the validity of the Federal Communications Commission's July 10, 2015 Declaratory Ruling and Order addressing, among other things, what type of equipment constitutes an ATDS under the TCPA and who is considered a "called party" under the statute.

B. <u>**No Class Should Be Certified**</u>

This case is also not appropriate for class treatment because the Plaintiff will not be able to establish that the putative class is so numerous that joinder is impractical, that common questions of law or fact will predominate, that the Plaintiff's claims are typical, that there are policies applicable to the putative class, or that a class action is the superior method for resolving this dispute. Thus, Plaintiff is not entitled to the relief requested.

Respectfully submitted,

**BLANK ROME LLP**
*Counsel for Defendant Deliu, LLC, a Delaware limited liability company, doing business as "Crunch Fitness Oakland Park" Company*
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33394
Telephone: 954-512-1811
Facsimile: 954-512-1818

 */s/ Alen H. Hsu*
ALEN H. HSU
Florida Bar No.: 62495
AHsu@BlankRome.com
BRFLeservice@BlankRome.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** on this 17th day of January, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document will be served upon all parties requesting electronic notice.

*/s/ Alen H. Hsu*
ALEN H. HSU