# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 17-62416-Civ-COOKE/HUNT

| | |
|---|---|
| BILAL SALEH, individually and on behalf of a class of others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CRUNCH, LLC, a Delaware limited liability company; CRUNCH FRANCHISING, LLC, a Delaware limited liability company; and DELIU, LLC, a Delaware limited liability company, doing business as "Crunch Fitness Oakland Park,<br><br>   Defendants. | **CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, BILAL SALEH ("Plaintiff"), requests that this Court compel Defendants CRUNCH, LLC and CRUNCH FRANCHISING, LLC (collectively "Crunch Defendants") to supplement their deficient responses to Plaintiff's First Requests for Production. In support thereof, Plaintiff states as follows:

## I.  INTRODUCTION

Plaintiff propounded his first set of discovery requests to Crunch Defendants on February 15, 2018 and Defendant Crunch, LLC served its responses on March 26, 2018. However, Defendants have not yet provided adequate responses to Requests for Production Nos. 2 and 3. On March 28, 2018 counsel for Plaintiff first conferred via email with counsel from Defendants informing of various deficiencies in Defendant's discovery responses. On April 4, 2018 the parties conferred again telephonically. Defendants agreed to provide supplemental responses by Friday, April 6, 2018, including, among other things, a list of telephone numbers and other information

submitted on the Crunch.com website. Plaintiff agreed to wait until April 6, 2018 to review Defendants' production before deciding whether to move to compel better responses. To date, notwithstanding Plaintiff's good faith conferrals, neither the first documents Defendants produced nor the supplemental production, contain the class data in response to Plaintiff Requests for Production Nos. 2 and 3.

Through the instant Motion, Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests entry of an Order compelling Defendants to respond, fully and without objections, to Plaintiff's Requests for Production Nos. 2 and 3 by providing the data necessary for Plaintiff to determine the size of the putative class and identify the members of the class.

## II.   <u>LEGAL STANDARD</u>

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). It is well established that a party may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Information is relevant if it is germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (internal citation omitted). Relevant information need not be admissible at trial to be discoverable. *Id.*

Courts have consistently made clear that "the party resisting discovery must show specifically how . . . each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive". *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *3 (S.D. Fla. 2014) (internal citation omitted); *see also Cafaro v. Zois*, 2016 WL

903307, at *2 (S.D. Fla. 2016). Defendants, as the objecting party, must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, . . . each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005).

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if: (i) a deponent fails to answer a question asked under Rule 30 or 31 ; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) *a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.* Fed. R. Civ. P. 37(a)(3)(B). (emphasis added).

## III. SPECIFIC REQUESTS

Request for Production Nos. 2:

*The complete database tables showing the information requested in Interrogatory #3[1]. If this request is impossible to satisfy, produce electronic information sufficient to show as much of the following as possible: (a) all text messages sent by or on Defendant's behalf, at any time from December 8, 2013 to the present, using the system used to text Plaintiff, (b) the telephone numbers to which each such text was made, (c) whether telephone number texted is assigned to a cellular telephone, (d) the name of the person texted, (e) whether the person texted had previously asked*

---

[1] Interrogatory No. 3:
*Identify each person in the United States (1) whose cellular telephone number (2) was texted by or on behalf of Crunch Defendants (3) for a non-emergency purpose (4) using the same system to text Plaintiff's cellphone number, (954) 536 3231, (4) between December 8, 2013 and the present. Please state the date of each text message, the telephone number texted, the total number of all such text messages, and the total number of unique cellular telephone numbers texted. If you contend that a full response to this interrogatory is impossible, please explain why with specificity, and provide the most complete response possible.*

*that they not be texted, (f) the member name and member account number associated with the text, and (g) the purpose of the text.*

Defendant responded first with boilerplate objections (overbroad and unduly burdensome). Further Defendant claims the requests is irrelevant because "it seeks documents unrelated to any alleged text messages sent to plaintiff." Lastly, Defendant disclaims any use of the Textmunication platform, and deny conducting or approving any text message marketing campaigns on its behalf within the relevant timeframe.

<u>Request for Production No. 3:</u>

*A list of all cellular telephone numbers submitted with a 1-day Free Trial request on Crunch.com.*

Once again Defendant responded first with boilerplate objections (overbroad and unduly burdensome) and claims the requests is irrelevant because "it seeks documents unrelated to any alleged text messages sent to plaintiff".

"The propriety of a class action cannot be determined in some cases without discovery," and "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (internal quotation omitted); *see also Manno v. Healthcare Revenue Recovery Grp., LLC*, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (holding that the plaintiff was entitled to the discovery that may establish an essential element of the class. (citing *Drossin v. Nat'l Action Fin. Servs., Inc.*, 2008 WL 5381815, at *3–*4 (S.D. Fla. Dec.19, 2008) (discovery on the issue of numerosity relevant and proper))).

The two Requests for Production at issue in this Motion target specific class data in possession, custody, or control of Defendants. The information sought would allow Plaintiff to determine the size of the class and identify the putative class members in order to meet Plaintiff's

burden of proof at class certification. However, Defendants have refused to produce the documents requested and only served two spreadsheets containing all phone numbers of people who requested a Free 1-day Trial from crunch.com limited only to the numbers collected for the two clubs owned by Defendant Deliu.  One spreadsheet shows the phone numbers collected from January 16, 2017. The other spreadsheet lists the phone numbers collected from 2013 through January 15, 2017.

The spreadsheets produced lack data regarding any other Crunch locations that are not owned by Deliu. Plaintiff's requests, however, were not limited to Deliu's clubs, and during the conferral process, Plaintiff specified that the requests sought telephone numbers submitted on Crunch.com for *any* Crunch locations. The requests is relevant because the putative class as indicated in Plaintiff's Complaint, encompasses all persons in the United States to whom Defendants or someone acting on Defendants' behalf sent a text message to their cellular telephone advertising Defendants' goods and/or services. *See* [ECF No. 1 at ¶48]. Clearly, the class is not limited to the telephone numbers submitted on Crunch's website for Deliu's locations. Accordingly, all telephone numbers submitted on Defendants' website should be turned over.

Defendants sustain also that Plaintiff obtained or could obtain the same data from the Third Party Textmunication.[2] Contrary to Defendant's contention however, the Textmunication data show all telephone numbers to which a text message was sent on behalf of Defendants, and not only those that were submitted with a 1-day Free Trial request on Crunch.com.[3] The Textmunication data is therefore overinclusive.

---

[2] Textmunication, Inc.  is the mobile marketing provider that upon information and belief sent the text messages on behalf of Defendants. [ECF No. 1 at ¶25]
[3] One spreadsheet Plaintiff obtained from Textmunication shows text messages sent on November 29, 2017; another spreadsheet contains a list of telephone numbers that Textmunication cannot distinguish whether they were submitted through crunch.com.

As illustrated in the diagram, only a combination of all telephone numbers to which a text message was sent by Textmunication and all telephone numbers that were submitted on crunch.com would allow Plaintiff to identify the class size and the putative class members.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order compelling Defendants' Responses to Plaintiff's Requests for Production of Documents Nos. 2 and 3.

## CERTIFICATE OF GOOD FAITH

Pursuant to Fed. R. Civ. P. 37(a)(l) and S.D. Fla. L.R. 7.l(a)(3), counsel for Plaintiff certifies that he has in good conferred with the party failing to make disclosure or discovery in an effort to obtain it without court action. Defendant's counsel has refused to provide responses to the subject discovery.

Dated: April 18, 2018

Respectfully submitted,

/s/ *Scott D. Owens*
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Jibrael S. Hindi, Esq.
THE LAW OFFICE OF JIBRAEL S. HINDI,
PLLC.
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
jibrael@jibraellaw.com

Bret L. Lusskin, Esq.
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Suite 302
Aventura, FL 33180
blusskin@lusskinlaw.com
Tel: (954) 454-5841
Fax: (954) 454- 5844

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date in some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Scott D. Owens*
Scott D. Owens, Esq.