UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-62416-Civ-COOKE/HUNT

BILAL SALEH, individually and on
behalf of a class of others similarly
situated,

    Plaintiff,

vs.

CRUNCH, LLC, a Delaware limited
liability company, CRUNCH
FRANCHISING, LLC, a Delaware
limited liability company and DELIU,
LLC, a Delaware limited liability
company doing business as Crunch
Fitness Oakland Park,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

THIS CAUSE came before me on Plaintiff's Rule 41(a)(2) Motion to Dismiss ("Motion") (ECF No. 72). Defendants Crunch, LLC and Crunch Franchising, LLC[1] filed a response in opposition (ECF No. 74), to which Plaintiff filed a reply (ECF No. 75). The matter is now ripe for review. For the reasons discussed below, Plaintiff's Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

Plaintiff filed this putative class action, alleging Defendants violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited, autodialed text messages to Plaintiff's cellular phone. While Plaintiff reviewed and approved the allegations in his Complaint prior to filing, Plaintiff's testimony at his recent deposition differed from the facts provided in his Complaint. Specifically, in his Complaint, Plaintiff alleged that he visited Defendants' website and filled out and submitted an online form, which included providing

---

[1] Defendant DeLiu has filed no response to Plaintiff's Motion, so I will assume it has no objection to Plaintiff's requested relief. Therefore, when I refer to "Defendants" in this Order, it shall only refer to Defendants Crunch, LLC and Crunch Franchising, LLC.

1

his phone number. At his deposition, Plaintiff testified that he never visited Defendants' website and never provided Defendants' with his telephone number. Accordingly, Plaintiff seeks to dismiss his Complaint without prejudice, as his "inconsistent" recollections appear "likely to impede on his ability to act as a suitable class representative in this action." Motion, p. 3.

Defendants claim that this change in testimony is evidence of bad faith, as Plaintiff's deposition testimony was not only different from the allegations in the Complaint, but contrary to the verified interrogatory responses Plaintiff provided to Defendants approximately one week before his deposition. Accordingly, Defendants request the instant action be dismissed with prejudice and without waiving their right to seek attorneys' fees.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals by plaintiffs. If an opposing party has served an answer or a motion for summary judgment, a plaintiff can only dismiss an action with approval of the Court. Fed. R. Civ. Proc. 41(a)(2). While "[a] voluntary dismissal without prejudice is not a matter of right, . . . in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991) (internal citations omitted). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir.1986) (citation and internal quotation marks omitted)). "While the district court should keep in mind the interests of the defendant, . . . , the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1269. "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986). "[U]ltimately, the determination of whether to grant such a dismissal falls within the sound discretion of the

district court." *Id.* (citing *Fisher*, 940 F.2d at 1503 (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976))).

### III.   DISCUSSION

Defendants "agree that [P]laintiff cannot in good faith continue to prosecute this action;" however, Defendants claim the case should be dismissed with prejudice *and* they should be able to seek recovery of their attorneys' fees because they have been forced to incur fees "well into the six figures" to defend against "baseless claims . . . predicated on false allegations." Resp., ECF No. 74, p. 2, 5. In addition to Plaintiff remembering a new version of the facts stated in his Complaint and verified interrogatory responses, Defendants claim that records produced in this lawsuit show that someone visited Defendants' website and inputted Plaintiff's information into the online form. Resp., at p. 5. According to Defendants, this indicates someone attempted to manufacture a TCPA claim against them.

Unsurprisingly, Plaintiff and his counsel hotly contest the alleged impropriety of the instant lawsuit and the significance of Plaintiff's deposition testimony, pointing out that Plaintiff's new version of facts would still not absolve Defendants of liability under the TCPA. *See Coleman v. Rite Aid of Georgia, Inc.*, 284 F. Supp. 3d 1343 (N.D. Ga. 2018) ("[A] TCPA caller [is required] to obtain prior express *written* consent, as opposed to the statutorily required prior express consent." (citations omitted)). While this is true, I do find it problematic that Plaintiff gave contradictory deposition testimony approximately one week after he served his verified interrogatory responses and that he stated during his deposition he was "told" he visited the website, but did not recall visiting the website. Pl.'s Depo, 102:1–3, ECF No. 74-2.

Nevertheless, on the record before me, I cannot say that this action was baseless at the time it was filed. Further, Defendants do appear to have incurred significant fees in litigating this case. After weighing the interest of Defendants in recouping some of their legal fees with Plaintiff's interest in dismissing a lawsuit in which he is not a suitable lead plaintiff, I find the parties' competing interests are balanced by dismissing the case without prejudice but allowing Defendants to seek attorneys' fees under 28 U.S.C. § 1927, Rule 11, or any other similar relief that may be available to Defendants.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion (ECF No. 72) is **GRANTED** *in part* and **DENIED** *in part*. Plaintiff's Complaint is **DISMISSED** *without prejudice*.
2. The Court shall retain jurisdiction to adjudicate issues related to Defendants' attorneys' fees and costs20 pursuant to 28 U.S.C. § 1927, Rule 11, or any other similar relief available to Defendants.
3. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of June 2018.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*