UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-62416-Civ-COOKE/HUNT

BILAL SALEH, individually and on behalf of a class of others similarly situated,

    Plaintiff,

vs.

CRUNCH, LLC, a Delaware limited liability company, CRUNCH FRANCHISING, LLC, a Delaware limited liability company and DELIU, LLC, a Delaware limited liability company doing business as Crunch Fitness Oakland Park,

    Defendants.

_____/

### DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ISSUED ON DEFENDANTS' VERIFIED MOTION FOR ATTORNEYS' FEES AND TO TAX COSTS [D.E. 92]

Defendant Deliu, LLC, by and through its undersigned attorneys, and pursuant to S.D. Fla. Magistrate Rule 4(b), files and serves these Objections to the Report and Recommendation [D.E 92] issued on its Verified Motion for Attorney Fees and to Tax Costs and Incorporated Memorandum of Law in Support Thereof [D.E. 79], which is joined by Defendants Crunch Franchising, LLC and Crunch LLC (collectively referred to with Deliu, LLC as "Defendants"), and states as follows:

    **I.**    **FACTUAL AND PROCEDURAL HISTORY**

    **A.**    **PLEADING HISTORY**

    1.    On August 20, 2018, Defendants filed their Verified Motion for Attorney Fees and to Tax Costs and Incorporated Memorandum of Law in Support Thereof [D.E. 79] (the "Motion").

1

2. The Motion sought attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and the inherent power of the Court because of a blatant contradiction between the specific allegations asserted in Plaintiff's complaint and Plaintiff's responses to verified interrogatories, on the one hand, and Plaintiff's deposition testimony denying those allegations, on the other hand. In both the complaint and interrogatory response, Plaintiff stated that he visited Defendant Crunch, LLC's website (the "Website"), signed up to receive a free gym pass, and began receiving text messages thereafter. In the deposition testimony Plaintiff gave a week after he served verified interrogatory responses, he testified that he had in fact never visited the Website, would not have provided his cell phone number, and would have never selected the Crunch gym location at issue because it was far from his residence.

3. In response to such a blatant contradiction of testimony and the unreliability of Plaintiff as a class representative, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice [D.E. 72].

4. The Motion to Dismiss was opposed and the Court granted the dismissal without prejudice. However, the Court did permit Defendants to seek attorneys' fees pursuant to 28 U.S.C. § 1927, Rule 11, or any other similar relief (the "Order"). [D.E 78 at 3].

**B.   THE OCTOBER 22, 2018 HEARING ON THE MOTION**

5. The Motion was referred to the Honorable Patrick M. Hunt [D.E. 86], and oral argument and an impromptu evidentiary hearing was conducted before the magistrate on October 22, 2018. After the hearing, the magistrate issued its Report and Recommendation (the "Report") denying Defendants' request for fees [D.E. 92].

6. The Report states that the primary evidence before the Court in making its determination was "Plaintiff's deposition, the Complaint, and Plaintiff's answers to Defendants'

Interrogatories, as well as the sworn testimony of Plaintiff's attorney, Scott Owens ("Mr. Owens"). Mr. Owens took the stand at the hearing on Defendants' Motion, testifying under oath as to his interactions with Plaintiff." [*Id*. at 4].

7. Mr. Owens testified at the hearing despite the hearing not being noticed as an evidentiary hearing. [D.E. 91 at 50 ln. 5]. It was not the expectation of the parties that testimony would be taken at the hearing.

8. Despite the marked absence of Plaintiff at the hearing, Mr. Owens was permitted to testify to hearsay conversations between him and his co-counsel and him and his co-counsel with Plaintiff, all of which Magistrate Judge Hunt accepted as sworn testimony [e.g. D.E. 91 at 33 ln. 11-15] given that Plaintiff's counsel would not call the Plaintiff for examination before the Court:

> THE COURT: Mr. Owens, do you want an opportunity to either testify yourself under oath, or call your client as a witness on another day or prepare an affidavit?
>
> MR. OWENS: I'm happy to take an oath, Your Honor, and make -- I guess make a statement and have them ask me questions regarding those statements.
>
> THE COURT: Mr. Silverberg, do you want to cross-examine Mr. Owens?
>
> MR. SILVERBERG: If Your Honor is going to give him this opportunity, then I guess I will. [D.E. 91, 32 ln. 16-25]

9. Mr. Owens testified that the reason for the blatant discrepancy in Plaintiff's discovery responses and deposition testimony was that Plaintiff was confused and mistaken at the deposition. [D.E. 92 at 4]. After the testimony of Mr. Owens, Defendants requested that, if the Court was persuaded by the testimony, an adverse inference be granted based upon Mr. Owen's refusal to call Plaintiff as a witness. [*Id*. at 48 ln. 13-20].

Plaintiff's counsel Jibrael Hindi was also notably silent at the hearing. Mr. Hindi was the attorney who had the primary (and personal) relationship with Plaintiff, had represented Plaintiff and Plaintiff's family members in other putative class actions—and who had actually *signed* the

3

complaint containing the allegations that Plaintiff testified at his deposition were *false*. Counsel for defendants Crunch, LLC and Crunch Franchising, LLC asked to cross-examine Mr. Hindi but the request was denied. [D.E. 92 at 50 ln. 17-22]

Further, Counsel for defendants Crunch LLC and Crunch Franchising, LLC also did not have the opportunity to cross-examine Mr. Owens [D.E. 92 at 46 ln. 9-10] or call Plaintiff as a witness.

10. After counsel for Deliu advised the Court that it would accept further testimony from Plaintiff and Plaintiff's counsel refused to bring in the Plaintiff as a witness absent a court order the Court stated that it would consider Defendants' request for an adverse inference based on Plaintiff's failure to testify:

> MR. SILVERBERG: Are you granting the adverse inference? Then I'll rely on what we have today.
>
> THE COURT: I'll consider it.
>
> MR. SILVERBERG: We'll accept that and we'll finish today.
>
> [*Id*. at 52 ln. 25, 53 ln. 1-4]

11. Prior to the conclusion of the hearing, the Court stated that it would enter a Report and Recommendation so that both sides had the opportunity to file any objection.

### C. THE REPORT AND RECOMMENDATION

12. The Report was issued on November 8, 2018. In denying Defendants' request for attorneys' fees, the report concluded that: (1) the Court declined the request by Defendants for an adverse inference because Defendants failed to establish Plaintiff's unavailability; and (2) the Court found the testimony of Mr. Owens credible. [D.E. 92].

## II. LEGAL STANDARD

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the

4

proposed findings and recommendation to which objection is made and the specific basis for objection." *W. Sur. Co. v. Steuerwald*, 16-CV-61815, 2018 WL 1894710, at *1 (S.D. Fla. Jan. 31, 2018) quoting *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed.Appx. at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 Fed.Appx. at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 Fed.Appx. at 784; 28 U.S.C. § 636(b)(1). *W. Sur. Co. v. Steuerwald*, 16-CV-61815, 2018 WL 1894710, at *1 (S.D. Fla. Jan. 31, 2018).

### III. OBJECTIONS TO THE REPORT

#### A. DEFENDANTS OBJECT TO THE CONCLUSION TO REFUSE THE REQUEST FOR AN ADVERSE INFERENCE

The Report states that the Court refused to grant an adverse inference because Defendants had the opportunity to call Plaintiff to testify and were not able to establish that he was unavailable. [D.E. 92 at 6] The Report states that it "is readily apparent that Defendants' decision not to call Plaintiff was a strategic one, rather than one based on Plaintiff's unavailability." *Id*. Defendants' decision was to seek an adverse inference based on Plaintiff's unavailability *in view of Plaintiff's own lawyers placing the blame for the discovery contradiction solely on Plaintiff* with self-serving testimony that sought to exculpate Plaintiff's counsels' liability for the contradiction.

In point of fact, counsel for Deliu understood the Court's statement that it would "consider" the adverse inference to mean that the Court would be applying the adverse inference to its

consideration of whether to grant the motion for fees. Defendants at no time thought that the consideration of the adverse inference was to determine whether the elements of an adverse inference had been satisfied at the hearing. Defendants would not have concluded the hearing had they believed the latter would be the position of the Court, especially because there was no knowledge prior to the hearing that testimony would be heard. Defendants would have undoubtedly continued the hearing and called Plaintiff to testify if they thought the Court was not considering the application of the adverse inference to its decision to grant fees.

Defendants also had no opportunity to research whether the unavailability of Plaintiff would have had a detrimental outcome as to whether the adverse inference request would be granted. It was understood that the request for an adverse inference was being considered in light of what transpired at the hearing and applied to the consideration of the fee request, not whether the full legal requirements of granting the adverse inference would need to be satisfied prior to Defendants concluding their argument.

Defendants' request is now denied because they "did not argue that Plaintiff was unavailable to testify." *Id*. The hearing unexpectedly became one in which live testimony was permitted and the Court even stated that the hearing had not noticed as evidentiary. Defendants had no means to adequately prepare or argue the unavailability of Plaintiff on such short notice. Further, counsel for Crunch, LLC and Crunch Franchising, LLC, who appeared telephonically, was not given the opportunity to examine Plaintiff or any of Plaintiff's counsel, including Mr. Owens, whom they asked to cross but were denied. See [D.E. 91 at 46 ln. 8]. Defendants had no means to adequately prepare or argue the unavailability of Plaintiff on such short notice, and did not continue the hearing because they understood that the adverse inference was being considered in the context of the determination of the Motion.

**B.    DEFENDANTS OBJECT TO THE CONCLUSION THAT MR. OWENS' TESTIMONY ALONE WAS SUFFICIENT TO DENY THE AWARDING OF FEES**

Relatedly, there was no way to sufficiently determine the credibility of Mr. Owens' testimony given that he testified as to his own impressions of Plaintiff, rather than having the Plaintiff testify as to his firsthand state of mind at the deposition, or having Jibrael Hindi testify to the allegations made in the complaint he signed and which the Plaintiff later testified were false during his deposition.  The testimony at the hearing was the first time an argument was raised that Plaintiff's mental state was responsible for the inconsistent discovery responses.  Plaintiff's position up to and including the opening argument at the hearing relied upon: (1) that the allegations in the Complaint were true [D.E. 80 at 6]; and (2) Plaintiff did not contradict himself at the deposition [*Id*. At 7]. Due to the weaknesses in Plaintiff's position, his counsel decided to attribute all of the blame directly to Plaintiff (or his mental condition) at the time of his deposition:

> Q. Okay. Do you understand sitting here today that you're saying the client lied because you're telling the truth and he's not.
>
> A. I'm telling you he was in another world. [D.E. 91 at 48 ln.1-4]

The Report finds this testimony sufficient to deny the Motion even though it states that "It is clear that Plaintiff's deposition testimony and his Complaint and Interrogatory answers contradict one another." [D.E. 92 at 6]. Again, this was the first time this argument was ever raised by Plaintiff or his lawyers.  It should be tested and not automatically legitimized by Mr. Owens' testimony while Plaintiff should have presented his own testimony regarding his mental state.

Plaintiff's direct testimony would prove especially salient considering that Plaintiff sat for a five (5) hour deposition with no reference made to him not being in a proper mental state and no objection being made on his behalf that he was confused. At the deposition, Plaintiff was even questioned as to whether he had the capacity to testify:

7

Q. Are you on any medication that would affect your ability to give truthful testimony here ·today?

A. No.

Q. Okay. Do you have any medical conditions that I should be aware of that might require you to take frequent breaks or otherwise affect your ability to testify?

A. No.

Q. I know you mentioned before we went on the record that it is currently Ramadan and you are fasting, but you don't think that's going to affect your ability to testify?

A.· ·No.

[Saleh Dep. 7:13-25; 8:1]

At the hearing, Mr. Owens testified that he did not address any concern about the Plaintiff's mental state with him during the five (5) hour deposition of his client, [D.E. 91 at 38 ln. 22-39 ln. 2], or to counsel attending the deposition, [*Id.* at 40 ln. 16-20].

Plaintiff had every opportunity to attach to any of its motions a declaration or affidavit by Plaintiff stating that he was not competently testifying at his deposition. The issue arose for the first time when Plaintiff's counsel unexpectedly testified at the hearing. Without direct testimony from Plaintiff, there is no supporting record evidence that makes the testimony of Mr. Owens credible. Defendants respectfully object to the Report and request that: (1) the Court grant the adverse inference and apply it to consideration of the Motion; or (2) Defendants be permitted to conduct an additional evidentiary hearing with the testimony of Plaintiff.

For all the foregoing reasons, Defendants respectfully request that the objections are proper and the recommendations should not be adopted and that the Court instead should grant the motion based on the record evidence with the adverse inference. Alternatively, the Court should set aside the Recommendations and conduct a proper evidentiary hearing on the matter, permitting all parties to participate and examining all witnesses required to determine the Motions.

*Respectfully submitted*,

SILVERBERG & WEISS, P.A.
*Counsel for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
Tel: (954) 384-0998/ Fax: (954) 384-5390

By: */s/ Paul K. Silverberg*
      Paul K. Silverberg, Esq.
      Fla. Bar No. 147877

## CERTIFICATE OF SERVICE

I certify that a true and correct copy hereof has been served via email on the following this 21st day of November 2018:

Andree Quaresima, Esq.
Scott D. Owens, Esq.
Sean Martin Holas, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
andree@scottdowens.com scott@scottdowens.com
sean@scottdowens.com don@scottdowens.com patrick@scottdowens.com
shannon@scottdowens.com

Jibrael S. Hindi, Esq.
THE LAW OFFICE OF
JIBRAEL S. HINDI, PLLC
110 SE 6th Street
Fort Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
jibrael@jibraellaw.com

Bret L. Lusskin, Esq.
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Suite 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com
*Counsel for Plaintiff*

By: */s/ Paul K. Silverberg*_____
Paul K. Silverberg, Esq.